IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| DANIEL T. LEWIS, PATRICIA GILMORE, BONNIE L. TYNDALL, and LIBERTARIAN PARTY OF TENNESSEE,<br><br>....Plaintiffs,<br><br>v.<br><br>MARK GOINS, Coordinator of Elections for the State of Tennessee; and TRE HARGETT, Secretary of State for the State of Tennessee,<br>....Defendants. | Case No. |

## COMPLAINT

COME now the Plaintiffs, and for their cause of action against the Defendants, allege and state as follows, to-wit:

I.

Plaintiff DANIEL T. LEWIS is a citizen of the United States, is a registered voter in Davidson County, State of Tennessee, Secretary of the Libertarian Party of Tennessee, Chair of the Libertarian Party of Metropolitan Nashville and Davidson County, a candidate for Governor in the election to be held for Governor in the General Election on November 4, 2014, and desires to support and vote for himself as the Libertarian Party candidate on the aforesaid Tennessee ballot on November 4, 2014.

Plaintiff PATRICIA GILMORE is a citizen of the United States, is a registered voter in Davidson County, State of Tennessee, is a member of the Libertarian Party of Tennessee, and desires to support and vote for DANIEL T. LEWIS for the office of Governor in the November 4,

2014, Tennessee General Election.

Plaintiff BONNIE L. TYNDALL is a citizen of the United States, is a registered voter in Williamson County, State of Tennessee, is a member of the Libertarian Party of Tennessee, and desires to support and vote for DANIEL T. LEWIS for the office of Governor in the November 4, 2014, Tennessee General Election.

Plaintiff LIBERTARIAN PARTY OF TENNESSEE is a non-recognized political party under the laws of the State of Tennessee that does not advocate the overthrow of local, state, or national government by force or violence, and is not affiliated with any organization which does advocate such a policy. The Libertarian Party of Tennessee, has provisions for nominating candidates for office in Tennessee other than by primary election. Plaintiff DANIEL T. LEWIS has received the Libertarian Party of Tennessee's nomination for the office of Governor for the 2014 General Election, pursuant to internal rules and procedures of the Libertarian Party of Tennessee.

II.

Defendant MARK GOINS is the Coordinator of Elections for the State of Tennessee (hereinafter referred to as "Coordinator of Elections"). In his official capacity, the Coordinator of Elections is the Chief Election Officer for the State of Tennessee, is appointed by and serves at the pleasure of the Secretary of State pursuant to T.C.A. § 2-11-201(a), makes rules and regulations as necessary to carry out the provisions of the Tennessee Election Code subject to the concurrence of the Secretary of State, pursuant to T.C.A. § 2-11-201(c), and, as Chief Election Officer for the State of Tennessee, is charged with the duties of overseeing the election laws of Tennessee and the recognition of new political parties pursuant to T.C.A. §§ 2-1-104(a)(14), 2-1-104(a)(29), and 2-11-202(a). The Coordinator of Elections has his office in the Tennessee Department of State, Division of Elections, 312 Eighth Avenue North, 9th Floor, William R. Snodgrass Tower, Nashville, Tennessee, 37243, and may be served with process at that location.

Defendant TRE HARGETT is the Secretary of State for the State of Tennessee (hereinafter referred to as "Secretary of State"). In his official capacity, the Secretary of State is the Chief Officer of the Tennessee Department of State, and, as such, is charged with administering the duties imposed upon the Secretary of State by law including administratively overseeing the State Election Commission, appointing the Coordinator of Elections to serve as the Chief Administrative Election Officer for the State of Tennessee for the purpose of generally supervising all Tennessee elections, advising all election employees of the State as to the proper method of performing their duties, authoritatively interpreting the election laws for all persons administrating them, and such other functions as are necessary for the conducting of elections in the State of Tennessee and the recognition of new political parties, all pursuant to T.C.A. §§ 4-3-2101, 4-3-2103, 8-3-104, 2-11-201, and 2-11-202. The Secretary of State has his office in the Tennessee State Capitol Building, Nashville, Tennessee, 37243, and may be served with process at that location.

III.

This is an action for declaratory and injunctive relief. The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, §§ 1343(3), 1343(4), 2201, and 2202, and Title 42, United States Code, § 1983. Venue of this Court is invoked pursuant to Title 28, United States Code, § 1391. The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United States Constitution.

IV.

This proceeding seeks a judgment declaring T.C.A., §§ 2-1-104(a)(14), 2-1-104(a)(24), 2-1-104(a)(31)(which set the requirements for the recognition of a statewide and minor political party, respectively), 2-1-114(which concerns requisites for political parties), 2-5-208(d)(1)(which concerns general election ballots and the listing of political party and independent candidates on the ballot), 2-13-107(a)(2)(which sets the petition deadline for recognition of a minor political party as

3

90 days before a general election), 2-13-107(c)(which requires candidates of political parties which have failed to gain recognition by petitioning to be placed on the general election ballot as Independent candidates), 2-13-107(e)(2)(which concerns other related requirements), 2-13-201(a)(which restricts a candidates listing on the ballot as a candidate of a recognized statewide or minor party), as applied herein to the Plaintiffs for the 2014 Tennessee General Election to be held on November 4, 2014, and all subsequent General elections in the State of Tennessee and the facts and circumstances relating thereto, unconstitutional in that they violate in their application to the Plaintiffs herein for the 2014 Tennessee General Election for Governor, and all subsequent Tennessee General Elections, the First and Fourteenth Amendments to the United States Constitution and Title 42, United States Code, § 1983. This proceeding also seeks an injunction, both temporary and permanent, against the Defendants, Coordinator of Elections and Secretary of State, and their agents and employees, in prohibiting the Defendants, Coordinator of Elections and Secretary of State, from following and enforcing the provisions of T.C.A., §§ 2-1-104(a)(14), 2-1-104(a)(24), 2-1-104(a)(31), 2-1-114, 2-5-208(d)(1), 2-13-107(a)(2), 2-13-107(c), 2-13-107(e)(2), and 2-13-201(a), as applied to the Plaintiffs herein for the 2014 General Election for Governor to be held on November 4, 2014, as set pursuant to T.C.A. §§ 2-14-101, 2-14-202, and 2-14-106 (which authorize the holding of, timing of, and qualifying petition for general elections), so as to serve to prevent the listing of DANIEL T. LEWIS as the Libertarian candidate for Governor of Tennessee).

V.

T.C.A., § 2-1-104(a)(14) defines a political party as an organization which nominates candidates for public office, T.C.A., § 2-1-104(a)(24), and taken in conjunction with T.C.A., §§ 2-1-104(a)(31), 2-1-114, 2-5-208(d)(1), 2-13-107(a)(2), 2-13-107(c), 2-13-107(e)(2), and 2-13-201(a), a new statewide political party or minor political party to be recognized to run candidates in a general election ballot in the State of Tennessee must petition successfully by presenting a petition

4

with at least 2.5 percent of the total number of votes cast for all gubernatorial candidates in the most recent gubernatorial election as shown by petitions to establish a political party filed with the Coordinator of Elections and signed by Tennessee registered voters so that it would find it virtually impossible to meet the petition deadline for minor political parties of 90 days before the general election, pursuant to T.C.A., § 2-13-107(a)(2), before the general election when the general election will be set according to law. Because of the petitioning requirement of a rather stringent 2.5 percent, and the petition deadline requirement of 90 days before the general election (which is held on November 4, 2014), the supporters of the non-recognized minor political party herein (Libertarian) were unable to marshal its resources in such a manner as to conduct a successful petition drive in Tennessee so as to meet the aforesaid petition signature deadline and required number of signatures for a political party candidate. In fact, it has been 46 years since a new political party was recognized by the State of Tennessee by way of petition for a regular general election. Thus, the Libertarian Party's candidate for Governor was forced to petition as an Independent, and will be placed and labeled on the general election ballot as an Independent candidate pursuant to T.C.A., § 2-13-107(c).

VI.

The Tennessee ballot access laws for new political parties in the State of Tennessee complained of herein, as applied to the non-recognized Plaintiff political party herein and its supporters and candidate for the General election for Governor on November 4, 2014, set an unconstitutional burden because achieving statewide political party status by filing the petitions required under T.C.A., §§ 2-1-104(a)(24), and 2-13-107(a)(2) in time for a General election sets an unconstitutionally early deadline, number of petition signatures, and limited time for petitioning so as to force a non-recognized political party candidate in a General election to use the lesser petition signature requirement of 25 signatures required for Independent candidates.

5

## VII.

The aforesaid early and discriminatory petition signature deadline in Tennessee for new political parties for a general election, coupled with the high signature requirement, forces a new political party to seek recognition before the nominees of the recognized political parties are known or the issues are formed for the election campaign. Because of the aforesaid discriminations, the unnecessarily early deadline, and the unconstitutional infringement upon political association, Tennessee's early new political party petition deadline and unnecessarily stringent signature requirement effectively eliminates the ability of unrecognized political parties to gain political party recognition in the State of Tennessee for general elections--unless they wish to run candidates as Independents, deprives their supporters of the ability of voting for them by political association with the party of their choice, and transforms the petitioning process from a way to obtain recognition for new political parties to an arbitrary, discriminatory, and unnecessarily severe means of preserving the status quo of a two-party system in Tennessee as to general elections. Tennessee's early aforesaid political party petition deadline and Petition signature requirement places an undue, unreasonable, and unjustified burden on new political parties and their supporters for general elections and deprives the voting public of the knowledge of the proper political identification of the minor party candidate. The Defendants lack any compelling interest in the aforesaid early and vague petition deadline or the petition signature requirements in Tennessee as it applies to new political parties and their supporters seeking recognition in Tennessee for their candidate in a general election.

## VIII.

The Plaintiffs, Libertarian Party of Tennessee, its supporters, and candidate, wish to have its candidate recognized as a Libertarian on the Tennessee ballot in the general election on November 4, 2014, for Governor, but has failed in efforts in the past to comply with the laws of the State of

Tennessee for the recognition of new political parties and could not comply—other than as an Independent candidate—for the general election in question.

IX.

In Tennessee for the 2014 General Election for Governor, the General Election will be held on November 4, 2014. The Democratic and Republican nominees will be chosen in a primary election for Governor on August 7, 2014, from among various candidates. The winner of the Democratic and Republican primaries on August 7, 2014, will face DANIEL T. LEWIS and other Independent and/or minor party candidates in the General Election on November 4, 2014. DANIEL T. LEWIS qualified for the General Election ballot for Governor by way of Petition and will be listed on the ballot as an Independent candidate rather than a Libertarian candidate, pursuant to T.C.A. § 2-13-107(c), barring injunctive relief from this Court.

X.

The aforesaid unnecessarily restrictive and discriminatory party labeling law for the aforesaid General Election, combined with the unduly burdensome, arbitrary, and discriminatory signature and petition deadline requirements for new political parties seeking recognition under the laws of the State of Tennessee not only discriminates against unrecognized political parties seeking ballot access in Tennessee in a General election, but serves no compelling state interest which justifies the aforesaid discriminatory treatment. On information and belief, Plaintiffs assert that absent intervention by this Court, the Plaintiff Libertarian Party of Tennessee herein, its supporters, and its candidate for Governor will not be able to obtain ballot access with the candidate listed as the Libertarian candidate rather than the Independent candidate for Governor in the State of Tennessee's General Eection on November 4, 2014, or subsequent General elections.

XI.

Defendants, Coordinator of Elections and Secretary of State, and their employees have and

7

will exercise their authority under color of State law in enforcing the aforesaid State laws listed in rhetorical paragraph IV above, as applied to the Plaintiffs herein for the 2014 Tennessee General election on November 4, 2014, and all subsequent Tennessee General elections, and the facts and circumstances relating thereto, in such a manner as to be in an unlawful, discriminatory, vague, capricious, and arbitrary manner, in violation of the First and Fourteenth Amendments to the United States Constitution, and Title 42, United States Code, § 1983.

WHEREFORE, Plaintiffs demand judgment:

1. Declaring that T.C.A., Election Code §§ 2-1-104(a)(14), 2-1-104(a)(24), 2-1-104(a)(31), 2-1-114, 2-5-208(d)(1), 2-13-107(a)(2), 2-13-107(c), 2-13-107(e)(2), and 2-13-201(a), as applied to the Plaintiffs herein for the 2013 Tennessee General Election on November 4, 2014, and all subsequent Tennessee General Elections, and the facts and circumstances relating thereto, are illegal and unconstitutional, in that they are violative of the rights of the Plaintiffs under the First and Fourteenth Amendments to the United States Constitution, and Title 42, U.S.C. § 1983, in that the aforesaid statutes are not framed in the least restrictive manner necessary to achieve the legitimate State interests in regulating ballot access and new political party formation, particularly as relating to the early petition signature deadline as applied to a non-recognized political party candidate in a general election, petition signature number required, and, therefore, the petition signature filing deadline and signature number are unconstitutional, discriminatory, and unnecessarily early, stringent, and severe as applied to an unrecognized political party, its supporters—who wish to cast their votes effectively, and its candidate for Governor in Tennessee, viz., Daniel T. Lewis, who has ballot status for the General election, but who will not be listed on the General election ballot as a Libertarian candidate, but only as an Independent candidate.

2. Entering preliminary and permanent injunctions restraining, prohibiting, and enjoining the Defendants, the Coordinator of Elections and the Secretary of State, their agents and employees,

and all persons in active concert and participation with them, from enforcing, applying, or implementing the aforesaid complained of State Election laws as to the unnecessary, vague, and discriminatory early filing deadline, petition signature number required, and listing of a candidate for a General Election office as an Independent rather than Libertarian candidate, as applied to the instant Plaintiffs for the November 4, 2014, General election for Governor, and all subsequent Tennessee General Elections, and the facts and circumstances relating thereto.

3. Awarding Plaintiffs reasonable costs and expenses of this action, including attorney's fees pursuant to the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. § 1988; and

4. Granting Plaintiffs such other and further relief as to which they may be entitled and which the Court may deem equitable and just.

Dated this 30th day of July, 2014.

DANIEL T. LEWIS, PATRICIA GILMORE,
BONNIE L. TYNDALL, and LIBERTARIAN
PARTY OF TENNESSEE, Plaintiffs

HEATHER SCOTT, BPR No. 032558

1281 Gaywinds Drive
Mt. Juliet, TN 37122
P. O. Box 761 (mailing address)
Mt. Juliet, TN 37121
(615) 604-0996 Telephone
Email: heather.scott@heatherscottlaw.com

JAMES C. LINGER, OBA No. 5441

1710 South Boston Avenue
Tulsa, Oklahoma 74119-4810
(918) 585-2797 Phone
(918) 583-8283 Facsimile
Email: bostonbarristers@tulsacoxmail.com
*Counsel for Plaintiffs*

9